IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, DC 20009,<br><br>        Plaintiff,<br><br>     v.<br><br>NATIONAL SECURITY AGENCY<br>Fort George G. Meade, MD  20755,<br><br>        Defendant. | C. A. No. 06-0199 (RWR) |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive and other appropriate relief for the expedited processing and release of agency records requested by plaintiff from the National Security Agency.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, DC. EPIC's activities include the review of federal law enforcement activities and policies to determine their possible

impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily-visited site on the World Wide Web (www.epic.org) containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

  4. Defendant National Security Agency ("NSA") is a component of the Department of Defense, which is a Department of the Executive Branch of the United States Government. NSA is an "agency" within the meaning of 5 U.S.C. § 552(f).

**The Revelation of Warrantless Electronic Surveillance Conducted by the National Security Agency Within the United States and NSA's Role in That Activity**

  5. On December 16, 2005, the *New York Times* reported on its front page that "after the Sept. 11 attacks, President Bush secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without the court-approved warrants ordinarily required for domestic spying."

  6. One day after the publication of the *Times* article, on December 17, 2005, President Bush confirmed the existence of the warrantless surveillance program. The President and other senior Administration officials have subsequently acknowledged, and defended, the program on numerous occasions.

  7. In response to the revelation of warrantless domestic surveillance, Senator Arlen Specter, Chairman of the Senate Judiciary Committee, said within hours of the *New York Times* report that such surveillance is "wrong, clearly and categorically wrong . . . This will be a matter for oversight by the Judiciary Committee as soon as we can get to it in the new year — a very, very high priority item."

**Plaintiff's FOIA Request and**
**Request for Expedited Processing**

8. By letter dated December 16, 2005 to the NSA, plaintiff requested under the FOIA the following agency records from September 11, 2001 to the present:

   a. any records concerning a presidential order or directive authorizing the National Security Agency or any other component of the intelligence community to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court. The existence of such an order was reported in an article entitled *Bush Lets U.S. Spy on Callers Without Courts* that appeared on the front page of the New York Times this morning (see attached article).

   b. All legal or policy memoranda, opinions, statements, guidance, and communications concerning the NSA's collection of intelligence information about American citizens.

   c. All legal or policy memoranda, opinions, statements, guidance, and communications concerning the NSA's collection of intelligence information within the United States.

9. In its letter to the NSA, plaintiff asked that the processing of its FOIA request be expedited because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged Federal government activity," and the request was made by "a person primarily engaged in disseminating information," 5 U.S.C. § 552(a)(6)(E)(v)(II).

10. In support of its request for expedited processing, plaintiff noted the pendency of Congressional hearings on NSA's warrantless domestic surveillance and stated that it is "critical for Congress and the public to have as much information as possible about the NSA's domestic surveillance to fully consider and determine its propriety."

**NSA's Wrongful Withholding of Records Responsive to Plaintiff's Request**

11. By letter dated January 4, 2006, NSA responded to plaintiff's December 16 letter and stated that plaintiff's request had been processed. NSA disclosed two records, totaling four pages, which included two messages from the NSA's director to the work force dated December 16, 2005 and December 18, 2005. The messages defended the warrantless surveillance program

3

and urged NSA employees not to discuss the matter with the media.

12. In its letter to plaintiff, defendant NSA stated that it was withholding all other requested records under 5 U.S.C. §§ 552(b)(1), (b)(3), and (b)(5).

13. Defendant NSA advised plaintiff of its right to appeal the NSA's adverse determination on plaintiff's request.

14. By letter dated January 5, 2006, plaintiff appealed the NSA's determination.

15. By letter dated January 13, 2006, defendant NSA responded to plaintiff's appeal. In its letter, defendant NSA granted plaintiff's request for expedited processing, but upheld the agency's initial determination to withhold responsive records. Defendant NSA advised plaintiff of its right to seek judicial review of the agency's final determination.

16. Plaintiff has exhausted the applicable administrative remedies.

17. Defendant NSA has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18. Plaintiff realleges the allegations contained in ¶¶ 1-17.

19. Defendant NSA has wrongfully withheld responsive agency records from plaintiff.

20. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request.

21. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant NSA to process immediately the requested records in their

entirety;

B. order defendant NSA, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

        Respectfully submitted,

/s/_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar. No. 484136

MARC ROTENBERG
D.C. Bar. No. 422825

ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff